UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YAYA JALLOW,<br><br>        Plaintiff,<br><br>    -against-<br><br>WELLS FARGO & CO.; EAN HOLDINGS, LLC,<br><br>        Defendants. | 22-CV-895 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint under 42 U.S.C. § 1981; the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a)); the "US Bank Fraud Statute," 28 U.S.C. § 1344; and Washington State antidiscrimination law, RCW § 49.60.30. Plaintiff alleges that Defendants Wells Fargo & Co. and EAN Holdings, LLC, discriminated against him on the basis of his race and socioeconomic status. For the following reasons, this action is transferred to the United States District Court for the Western District of Washington.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

Plaintiff alleges that in 2018, he tried six times to rent a car through Enterprise Rent-a-Car in Seattle, Washington, but each time problems arose. Plaintiff claims that Enterprise employees treated him differently from other customers because of his race and socioeconomic status. According to Plaintiff, Enterprise failed to honor his reservations, sought to charge him more than the price he had been quoted, and fraudulently charged his Wells Fargo credit card, although the card had a $700.00 limit. (ECF 2 at 1-3, 6-8.)[1] Plaintiff further asserts that Enterprise and Wells Fargo failed to properly investigate his claims regarding those charges. In December 2019, Plaintiff filed a complaint against Enterprise with the Washington State Division of Human Rights, but the investigators "brush[ed] off" his allegations. (*Id.* at 4-5, 36.) Between February and May 2019, while Plaintiff was still in Seattle, he unsuccessfully attempted to resolve these disputes. After spending April 2019 in Massachusetts, "which had no Wells Fargo branches," Plaintiff returned to New York in May 2019, and has continued to contact Defendants to resolve these disputes, but has not been successful. (*Id.* at 2.)

Plaintiff filed this complaint regarding events occurring in Seattle Washington. He does not allege that any part of the events or omissions underlying his claim arose in this district, and it is unclear if Defendants are subject to personal jurisdiction in this district in connection with this action.

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases

---

[1] Citations are to pagination on the Court's Electronic Case Filing (ECF) system.

on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417,

426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the

burdens of litigation that is unrelated to the forum that a party chooses are not imposed

unreasonably on jurors and judges who have enough to do in determining cases that are

appropriately before them. The power of district courts to transfer cases under Section 1404(a)

*sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No.

03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n.*

*Inc. v. OSHA*., 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C.

§ 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors:

(1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative

facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative

means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded

to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)

(setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying

events occurred in Seattle, Washington, and Plaintiff sought relief from the state Division of

Human Rights. Seattle is located in King County, which falls within the Western District of

Washington. See 28 U.S.C. § 128(b). Venue is therefore proper in the Western District of

Washington. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court

concludes that it is in the interest of justice to transfer this action to the United States District

Court for the Western District of Washington. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court

for the Western District of Washington. A summons shall not issue from this Court. This order

closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to receive electronic service. (ECF 3.)

SO ORDERED.

Dated:    February 22, 2022
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
