UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YAYA JALLOW,<br><br>                Plaintiff,<br>   v.<br><br>WELLS FARGO & CO and EAN HOLDINGS, LLC,<br><br>                Defendants. | CASE NO. 2:22-cv-00253-TL<br><br>ORDER TO SHOW CAUSE |

This is an action taken *in forma pauperis* and without legal representation for damages and other relief under various federal and state statutes. The matter is before the Court on its own pursuant to 28 U.S.C. § 1915(e)(2). Having reviewed the Complaint (Dkt. No. 2) and the relevant record, the Court hereby ORDERS Plaintiff to show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted.

ORDER TO SHOW CAUSE - 1

## I. BACKGROUND

### A. The Allegations

Plaintiff Yaya Jallow brings the instant action against Defendants Wells Fargo & Co. and EAN Holdings, LLC (doing business as "Enterprise"). *See* Dkt. No. 2. Plaintiff is a black male. *Id*. at 3. The Complaint consists primarily of two categories of allegations: (1) race discrimination in attempting car rentals; and (2) fraudulent bank charges during a car rental.

On September 25, 2018, Plaintiff booked a car rental with Enterprise at a Downtown Seattle location. *Id*. at 6. Plaintiff was charged a "young person rental fee," which Enterprise stated was "a one time fee to be charged to make up for any unforeseen damages a youthful person could cause due to their youthful hazardous 'lifestyles.'" *Id*.

On October 19, 2018, Plaintiff booked a car rental (a 2018 Ford Fusion) with Enterprise at their Ballard location. *Id*. Plaintiff states that he was initially refused service at the Downtown Seattle location because of a "lack of rentals" and "questionable customer service." *Id*. While at the Ballard location, Plaintiff observed an "elderly couple" come into the location. *Id*. Enterprise first told the couple that they "didn't have any rentals" but then they offered an "upgraded model." *Id*. The couple ultimately asked for the type of car they originally requested, and Plaintiff was permitted to rent the car that the couple did not accept: a Ford Fusion. *Id*.

Plaintiff appears to have successfully booked car rentals with Enterprise on November 20, 2018, and November 29, 2018. *Id*.

On December 11, 2018, Plaintiff booked online another car rental (a 2019 Ram 1500) with Enterprise at their Ballard location. *Id*. at 7. Plaintiff states that he was "not provided with the rental the agreement was for" and was instead provided a 2019 Ram 1500 "despite selecting a smaller car due to driving preferences." *Id*. Plaintiff was also charged "a daily young renter fee." *Id*.

On December 29, 2018, Plaintiff attempted to make another car rental with Enterprise. *Id*. Plaintiff states that he was "refused service, first over the phone and then in person." *Id*. Plaintiff called several of Enterprise's Seattle locations "all whom would provide the same excuses of knowing for a fact that they didn't have any rentals." *Id*. Plaintiff then attempted to rent in person at two Downtown Seattle locations but both "would repeat the same excuses." *Id*. Plaintiff "perceived" the refusals of service as "discrimination." *Id*. He stated that customer service agents were "making sure to have a black male near her [*sic*]" when they refused Plaintiff service. *Id*. Plaintiff first believed it was "income discrimination," but then "due to the aforementioned interactions" it would seem to Plaintiff "more and more racial." *Id*. In response to this refusal of service, Plaintiff took a series of actions, including a report on Enterprise's "complaint line" and a complaint with the Washington State Human Rights Commission. *Id*. at 7-8.

Plaintiff also alleges fraudulent charges during an extended rental with Enterprise from January 7, 2019, to February 22, 2019. *Id*. at 8. At some point during this extended rental, Enterprise told Plaintiff that they had not been able to charge his credit card for a couple of days. *Id*. Because it had not been able to charge the card, Enterprise had "taken the deposit" and "charged an extra fee" of $116.28 for the two days the vehicle was considered "unrented." *Id*. Plaintiff found this "contrary to what actually occurred" because he was credited back "the amount he had paid for the rental . . . ." *Id*. Plaintiff states that Enterprise did not inform him of this card issue when he made multiple calls at the same time to discuss a need for tire repair. *Id*. Plaintiff was later informed that he owed approximately $120 for an "over-due" payment." *Id*.

In response to this charge, Plaintiff took a series of actions. *Id*. at 8–9. On February 22, 2019, Plaintiff filed a disputed fraudulent charge claim with his bank, Defendant Wells Fargo. *Id*. Plaintiff states that he was never "asked for documentation or provided with the opportunity to state his side of what actually occurred . . . ." *Id*. Plaintiff also states that "no adequate

investigation occurred" in response to his claim. *Id*. While still in Seattle, Plaintiff also sought a personal loan of $3,000 from Defendant but was rejected. *Id*. at 9.

While out of state from March 2019 to June 2019, Plaintiff "would attempt on multiple occasions to resolve the dispute" through Defendants' "internal procedures," but was unsuccessful. *Id*. During this time, Plaintiff was charged an additional $400 to his credit card and ultimately was charged a total of $1,300 on his card bearing a $700 limit. *Id*. At some point, Plaintiff's credit card account was closed, and the remaining balance and fees were charged against his checking account. *Id*. Plaintiff states that during the process of attempting to resolve his claim, Defendant's representative provided "hostile, invasive, retaliatory, & intimidating customer service care" in what Plaintiff believed was an effort to pressure Plaintiff to give up his claim. *Id*. Moreover, the closure of Plaintiff's credit account created significant "emotional, financial, and physical hardship from the experience of being unbanked." *Id*.

Plaintiff now brings the instant action for relief. Plaintiff alleges causes of action under the "United States Civil Rights Act"; the Washington Law Against Discrimination ("WLAD"), RCW 49.60.030; the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691; the federal bank fraud statute, 18 U.S.C. § 1344; and the New York State reckless endangerment statute, N.Y. Penal Law § 120.25. Dkt. No. 2 at 3–5. Plaintiff seeks damages and declaratory relief. *Id*. at 10.

**B.     Procedural History**

This case has an unusual procedural history, and so the Court summarizes it briefly for clarity. Plaintiff brings this case *pro se* and *in forma pauperis*. Dkt. No. 4. Plaintiff brought suit in the Southern District of New York, which transferred the case to this District on its own motion. Dkt. No. 5. The Southern District of New York also certified that any appeal of its transfer order would not be taken in good faith and denied *in forma pauperis* status on appeal. *Id*. Nonetheless, Plaintiff filed an interlocutory appeal of the transfer order to the Court of Appeals

Case 2:22-cv-00253-TL   Document 10   Filed 05/18/23   Page 5 of 9

for the Second Circuit. Dkt. No. 6 (notice of appeal). The Second Circuit dismissed the appeal for lack of jurisdiction. *Jallow v. Wells Fargo & Co.*, No. 22-372, Dkt. No. 38 (2d Cir. Aug. 22, 2022).

No summons has issued so no Defendant has appeared in this action.

## II.   LEGAL STANDARD

The Court's authority to grant *in forma pauperis* ("IFP") status derives from 28 U.S.C. § 1915. Upon permitting a plaintiff to proceed IFP, the Court is subject to the requirements set forth under 28 U.S.C. § 1915(e)(2)(B), which directs a court to dismiss an IFP complaint on its own if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) applies to all in forma pauperis complaints . . . .").

This Court liberally construes pleadings filed by *pro se* litigants and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). Even so, a court should "not supply essential elements of the claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal quotation marks omitted) (quoting *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997)); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))). The Court is mindful that it ordinarily must grant leave to amend when it dismisses a *pro se* complaint, unless the pleading cannot be cured by amendment. *E.g.*, *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017) (affirming lack of leave to amend where amendment was futile).

In its review of whether a complaint states a claim to relief that is plausible on its face, The court "accept[s] as true all facts alleged in the complaint and construe[s] them in the

ORDER TO SHOW CAUSE - 5

light most favorable to plaintiff[] . . . ." *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)). While "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

### III. DISCUSSION

Plaintiff has raised claims under various federal statutes. For reasons that follow, the Court ORDERS Plaintiff to show cause why the matter should not be dismissed for failure to state a claim on which relief can be granted.

**A.  Civil Rights Act**

Plaintiff alleges that Defendants acted in violation of "The United States Civil Rights Act." Dkt. No. 2 at 2–3, 9. However, Plaintiff does not specify which Civil Rights Act he brings a claim under, nor does he provide a specific statutory provision. A court is not obligated to, and indeed should not, "supply essential elements of the claim that were not initially pled." *Henderson*, 2019 WL 3996859, at *1.

**B.  Equal Credit Opportunity Act**

Plaintiff alleges that Defendants acted in violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691. Plaintiff alleges that Enterprise violated ECOA when they charged a fee in excess of $200 for allegedly "not paying the rental." *Id*. at 5. Plaintiff alleges that Defendant Wells Fargo violated ECOA by refusing to investigate his disputed claim; by charging more than $400 to his credit card; by charging $1,300 to his credit card in excess of his $700 limit; and by closing his credit card on a "deliberately malicious fraudulent basis." *Id*.; *see also id*. at 10.

To establish a claim of discrimination under ECOA, a plaintiff must allege: (1) they are a member of a protected class; (2) they applied for credit with defendant-creditor; (3) they qualified for credit; (4) their application for credit was rejected; and (4) they were denied credit despite being qualified. *Mashburn v. Wells Fargo Bank, NA*, No. C11-0179, 2011 WL 2940363, at *5 (W.D. Wash. July 19, 2011) (citing *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp. 2d 1039, 1045 (N.D. Cal. 2009) and *Shiplet v. Veneman*, 620 F.Supp.2d 1203, 1232 (D. Mont. 2009)); *see Jones v. Vargas*, No. C19-4440, 2019 WL 13253487, at *5 (C.D. Cal. Nov. 6, 2019) ("A complaint setting out such factual allegations 'might plausibly suggest that the denial of credit was because of or on the basis of an applicant's protected status.'" (quoting *Guich v. Wells Fargo Bank, N.A.*, 184 F. Supp. 3d 971, 980 (D. Or. 2016))).

An "applicant" is defined as "any person who applies to a credit directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by using of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). A "creditor" is defined as "any person who regularly extends, renews, or continues credit," "who regularly arranges for the extension, renewal or continuation of credit," or "any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a(e).

Here, this case appears to be about issues Plaintiff had with a car rental and some disputed charges resulting from one of the rentals. Plaintiff does not allege that Enterprise is a "creditor" under ECOA in that Defendant regularly extends credits to customers or assists customers in obtaining credit. Nor does Plaintiff allege that he was an "applicant" for credit with Enterprise. Further, Plaintiff's allegations about Defendant Wells Fargo's handling of the claim investigation and its improper charges do not include allegations that Plaintiff was an "applicant" seeking credit from Defendant. Finally, although Plaintiff states that he was denied a personal

loan from "the bank" (Dkt. No. 2 at 9), it is not clear that the bank was Defendant Wells Fargo versus Plaintiff's personal bank. Further, he does not allege that he was qualified for that loan and denied anyway.

C.   **Bank Fraud**

Plaintiff alleges that Defendants acted in violation of the federal bank fraud statute, 18 U.S.C. § 1344. Dkt. No. 2 at 5. Plaintiff states that Enterprise "fraudulently charge[d]" his credit card and claimed that Plaintiff still owed the full amount. *Id*. Plaintiff also states that Defendant Wells Fargo "churn[ed]" Plaintiff's credit card by charging $1,300 against Plaintiff's Social Security number when he had a credit card limit of only $700. *Id*; *aee also id*. at 10.

The federal bank fraud statute is a criminal statute that "do[es] not provide a private cause of action or a basis for civil liability." *Schneider v. Bank of Am. N.A.*, No. C11-2953, 2012 WL 761975, at *8 (E.D. Cal. Mar. 6, 2012) (citing *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) and *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).

D.   **State Law Claims**

Plaintiff also brings claims under Washington State's WLAD and New York's reckless endangerment statute. Dkt. No. 2 at 3–5. The Court will not address these claims at this stage, as the Court has supplemental jurisdiction over state law claims only if it is first assured that it has original jurisdiction over federal law claims. *See Hunter v. United Van Lines*, 746 F.2d 635, 649 (9th Cir. 1984) ("[I]t makes no sense to speak of pendent [supplemental] jurisdiction until after a court has independently acquired jurisdiction over a federal cause of action.").

\\

\\

\\

\\

## IV. CONCLUSION

Accordingly, the Court ORDERS Plaintiff to show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted. Plaintiff is ordered to respond or amend the Complaint to cure any deficiencies **by June 16, 2023**.

Dated this 18th day of May 2023.

Tana Lin
United States District Judge